### In the Matter of Nyagudi OKUMU.

### No. 49S00–9503DI–282.

Supreme Court of Indiana.

Oct. 10, 2003.

### *ORDER DENYING PETITION FOR REINSTATEMENT*

The Indiana Supreme Court Disciplinary Commission, upon review of the hearing officer's findings of fact and recommendation regarding petitioner Nyagudi Okumu's *Petition for Reinstatement,* recommends to this Court that the petitioner not be reinstated to the practice of law in this state. This matter is now before us for final resolution.

In reviewing the Commission's recommendation, we employ the review process applicable to disciplinary actions, which involves a *de novo* examination of all matters tendered to this Court. The hearing officer's findings, in this instance adopted by the Commission, receive emphasis due to the hearing officer's unique opportunity for direct observation of witnesses, but they are not binding, and this Court reserves the right to reach the ultimate determination. *Matter of Gutman,* 599 N.E.2d 604 (Ind.1992). In order to become reinstated to the practice of law in this state, the petitioner must demonstrate by clear and convincing evidence satisfaction of the conditions contained in Ind.Admission and Discipline Rule 23(4).[1]

The petitioner was admitted to the practice of law in this state in 1992. This

---

1. Relevant provisions of Admission and Discipline Rule 23(4) provide:

(b) A petition for reinstatement may be granted if the petitioner establishes by clear and convincing evidence before the disciplinary commission of this Court that:

(1) The petitioner desires in good faith to obtain restoration of his privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs;

(9) The petitioner has taken and passed the Multistate Professional Responsibility Examination (MPRE) with a scaled score of eighty (80). The MPRE shall be taken after the term of suspension or resignation has elapsed, and after the suspended or resigned attorney has met the requirements of Section 26 of this

Court accepted his resignation from the bar of this state on November 21, 1995. *Matter of Okumu,* 657 N.E.2d 117 (Ind. 1995). At the time the petitioner tendered his resignation, pending against him were eleven counts of alleged professional misconduct involving mismanagement of client funds he held in trust. The petitioner filed his petition for reinstatement on June 6, 2001.

After full evidentiary hearing on the petition, the hearing officer appointed by this Court to conduct the hearing found that the petitioner failed clearly and convincingly to demonstrate his compliance with the prerequisites to reinstatement contained in Admis.Disc.R. 23(4). Although the hearing officer concluded that the petitioner demonstrated his satisfaction of Admis.Disc.R. 23(4)(b)(1), (2), (5), (8), and (9), she found further that the petitioner failed to demonstrate satisfaction of Admis.Disc.R. 23(4)(b)(3), (4), (6), and (7).

Specifically, the hearing officer found that the petitioner failed to demonstrate that he had complied fully with the terms of the order for discipline, issued November 21, 1995, in that he failed to demonstrate that he notified all clients by certified mail of his resignation or that he filed the affidavit required of suspended attorneys, as required by Admis.Disc.R. 23(26)(a).

The hearing officer found further that the petitioner failed to prove that he was genuinely remorseful for his past misconduct. There was no evidence that the petitioner ever apologized to the clients who were the victims of his misconduct, and no evidence that he ever refunded any amounts he owed to the clients.

The hearing officer found also that the petitioner failed to demonstrate that he

has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and that he can be safely recommended to the legal profession, the courts, and the public as a person fit to be consulted by others. During these proceedings, the hearing officer found that the petitioner did not understand the procedural standards in moving forward with his case, culminating with his inability to demonstrate even basic courtroom skills during final hearing of this matter, where he appeared *pro se.*

In light of the hearing officer's findings, the Commission recommended that the petitioner not be reinstated. We adopt the hearing officer's findings and conclusions, and find that the petitioner's failure to demonstrate satisfaction of Admis.Disc.R. 23(4)(b) warrants denial of his petition for reinstatement.

IT IS, THEREFORE, ORDERED that Nyagudi Okumu's petition for reinstatement to the practice of law in this state is denied.

All Justices concur.

---

Rule. However, if the period of suspension is for one (1) year or less, the MPRE may be taken within six (6) months of the date the petition for reinstatement is filed.